## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ERNEST D. BEALL                                             CIVIL ACTION

VERSUS                                                      NUMBER 08-289-JVP-DLD

CONOCO PHILLIPS COMPANY, ET AL.

## REPORT AND RECOMMENDATION

The Court has reviewed plaintiff's petition, defendant's notice of removal and amended notices of removal, and the parties' memoranda filed in response to the Court's May 14, 2008, *sua sponte* order, which required the parties to address the basis for the Court's subject matter jurisdiction (rec. docs. 1, 5, 11, 18, 20, 25).[1]

**Background**

Plaintiff filed suit on April 28, 2008, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against various defendants alleging that he suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufacturered, sold, distributed, supplied, applied, and/or maintained on various premises by the defendants[2] (rec. doc. 1-2). Shortly after filing the petition, plaintiff filed a motion and memorandum in support of preferential assignment of trial date and scheduling order,

---

[1] Several of the co-defendants adopted the memorandum filed by Montello, Inc. in response to the Court's May 14, 2008 order (rec. docs. 26, 29, 33, 35).

[2] The defendants named in plaintiff's petition for damages are as follows: ConocoPhillips Company f/k/a Phillips Petroleum Company as successor by merger to Drilling Specialities Company; Cooper Industries, LLC as successor by merger to Cooper Industries, Inc. as successor by merger to Gardner-Denver Company; Ingersoll-Rand Company; Montello, Inc.; Union Carbide Corp. f/k/a Union Carbide Chemicals and Plastics Company, Inc. f/k/a Union Carbide Corp. f/k/a Union Carbide and Carbon Corp.; Gulf Oil Corp., as successor by merger to Chevron, U.S.A., Inc. f/k/a Chevron Oil Company f/k/a California Oil Company f/k/a The California Oil Company; Delta Logging, Inc. f/k/a Delta Well Logging Service, Inc.; Baker International Corp (a California Corp.) as successor by merger to Baker International Corp. (a Delaware Corp.), as successor by merger to Baker Oil Tools, Inc, as successor by merger to Technical Oil Tool Corp. (rec. doc. 1-2).

which was supported by medical tests results indicating that plaintiff suffered from malignant mesothelioma. Id. Plaintiff's counsel also sought leave to take a video perpetuation deposition of plaintiff on May 16, 2008, in Lafayette, Louisiana, which was granted by the trial judge on May 5, 2008. Id.

Defendants requested a telephone conference to discuss the upcoming deposition the day after they removed the case. During the conference, the issue of subject matter jurisdiction arose, and the court ordered the parties to address the issue before proceeding further. They have now done so.

**The Removal**

On May 13, 2008, defendant, Ingersoll-Rand Company, removed this matter pursuant to 28 U.S.C. §1332, which requires that the parties be of diverse citizenship (rec. doc. 5). Defendant alleges in its amending and supplemental notice of removal that the plaintiff is a citizen of Louisiana and that all named defendants are non-Louisiana corporations, with their principal places of business in states other than Louisiana, with the exception of Delta Logging, Inc. f/k/a Delta Well Logging Service, Inc. (Delta Logging), which is a Louisiana corporation (rec. doc. 20).[3] Defendant's removal explains that the records of the Louisiana Secretary of State reflect that Delta Logging has been inactive since October 21, 1985, and service was not perfected on Delta Logging as indicated by the note on the service return, which reads, "said his father sold company in 1970s and he has Alziemers (sic) disease." Id. Based on the fact that Delta Logging is an inactive corporation and was not served, defendant suggests that the citizenship of Delta Logging

---

[3] Defendant's amending and supplemental notice of removal establishes that the named defendants, other than Delta Logging, Inc., are of diverse citizenship (rec. doc. 20, ¶5(a)-(g)).

should be disregarded for the purpose of determining diversity jurisdiction because plaintiff has no reasonable possibility of recovery against it. Id. Additionally, defendant alleges that the amount in controversy exceeds the minimal jurisdictional requirement of $75,000. Id.

**Diversity Jurisdiction**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship, which must exist at the time the action is commenced and at the time of removal to federal court. *Coury v. Port*, 85 F.3d 244 (5th Cir. 1996).

Plaintiff is a citizen of Louisiana. All of the defendants are corporations. A corporation is deemed to be a citizen of the state by which it has been incorporated and the state where it has its principal place of business. See 28 U.S.C. 1332(c)(1). All defendants, other than Delta Logging, are non-Louisiana corporations, incorporated under the laws of states other than Louisiana, with their principal places of business in states other than

Louisiana.[4] Delta Logging, however, was incorporated under the laws of Louisiana, but it has been inactive since October 21, 1985, for failure to file its annual report with the Louisiana Secretary of State (rec. doc. 20, Exhibit C, C-1).

Essentially, defendant argues that Delta Logging has been improperly joined; therefore, its citizenship should be disregarded for purposes of diversity jurisdiction (rec. docs. 5, 20). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Fraud in the pleadings is not an issue in this case. Rather, defendant seeks to prove improper joinder by proving that plaintiff has no possibility of recovery against Delta Logging because it is inactive and because plaintiff either has not or is unable to perfect service on it.

The court must consider the citizenship of all defendants, served and unserved, in determining whether diversity jurisdiction exists. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998); *Zaini v. Shell Oil Co.*, 853 F.Supp. 960 (S.D. Tex. 1994). Thus, the lack of service on Delta Logging does not mean that its citizenship should be discounted for purposes of diversity jurisdiction. An unserved defendant can be dismissed in certain instances, such as when the plaintiff intends to abandon his claim against the defendant or when the plaintiff clearly fails to state a colorable claim against the defendant. In this case, however, defendants have not shown that plaintiff intends to abandon his claim

---

[4] See ftnt 3.

against Delta Logging (or its successors) or that plaintiff has failed to state a claim against Delta Logging.

Furthermore, although Delta Logging is an inactive corporation, a corporation continues to exist until it is dissolved either voluntarily or involuntarily under Louisiana law. La.R.S. 12:141-149.  Defendant has offered no evidence to prove that Delta Logging has been dissolved.[5]  In fact, defendant Montello, Inc. admitted that "there are still questions surrounding how Delta Logging's business came to an end; i.e., whether it was dissolved or whether the business was sold or merged with another company"[6] (rec. doc. 25). Therefore, the evidence before the court at this time simply indicates that Delta Logging is an inactive corporation, and plaintiff correctly points out that "[a]ny revocation of a corporation's articles of incorporation ... shall not affect any cause of action against such corporation or the right to proceed against any property owned by the corporation ..." (rec. doc. 18).  See La. R.S. 12:163(G).

Defendant also confuses the concept of "recovery" with the concept of "valid claim." The question of whether or not the plaintiff can *recover* from Delta Logging or ultimately collect on a judgment is not the equivalent of the question of whether or not plaintiff has

---

[5] Information regarding the status of a corporation is accessible as Louisiana law requires the order or certificate of dissolution to be filed with the secretary of state and in the mortgage records in the parish in which the corporation had its last registered office.  See La. R.S. 12:148.

[6] Defendant Montello, Inc. requests 30 days to conduct discovery on the legal existence of Delta Logging to determine whether it was properly made a defendant in this matter and whether it may be considered a Louisiana citizen.  Although limited discovery may be allowed in certain circumstances under *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004),  to determine whether plaintiff can state a claim under state law, that is not the issue before the Court.  The defendants have not argued that plaintiff has failed to state a claim against Delta Logging. And the question for the defendants is not whether Delta can be considered a Louisiana citizen, but rather, whether it is not a Louisiana citizen.  On the face of the pleadings, and even on the allegations in the notice of removal, Delta is a Louisiana citizen.  It was defendant's burden to show otherwise when it removed the case, not to remove first and ask questions later.

stated a valid claim against Delta Logging for purposes of considering whether Delta Logging has been improperly joined. Just because plaintiff may not be able to collect a judgment does not mean that plaintiff should not have the ability to pursue his claim and obtain a judgment, if possible. It is true that courts sometimes use the word "recovery" to show that there is no possible claim to be pursued, as, for example, when a claim is clearly untimely and therefore would be dismissed with prejudice. The inability to collect on a judgment (if such is even the case) is a different matter entirely, and does not equate to their being no valid claim.

Finally, the Fifth Circuit in *Harris v. Black Clawson Company*, 961 F.2d 547, 551 (5th Cir. 1992), held that where a corporation has been inactive in a state for a substantial period of time, the corporation is not considered to have a principal place of business in that state; therefore, is not a citizen of that state. However, the corporation is considered to be a citizen of the state in which it was incorporated for purposes of diversity jurisdiction. See also *Athena Automotive, Inc. v. Digregorio*, 166 F.3d 288 (4th Cir. 1999). Thus, an inactive corporation is not simply disregarded for purposes of diversity jurisdiction. In this case, Delta Logging was incorporated in Louisiana, and its inactive status does not prevent it from being considered a citizen of Louisiana for purposes of diversity jurisdiction. Moreover, because defendant has failed to present summary judgment type evidence to prove that Delta Logging has been dissolved and no longer exists as a legal entity, it must be considered as a citizen of Louisiana for purposes of diversity.

**Conclusion**

Defendant's justification for removal rested on Delta Logging's status as inactive and on defendant's consequential assumption that any recovery was likely impossible.

Defendant failed to present any evidence, however, to establish that Delta Logging no longer exists as a legal entity capable of being sued, and therefore is not a "citizen" of Louisiana, or indeed, of any state.   Defendant has failed to establish that the parties are of diverse citizenship as required by 28 U.S.C. §1332.  The Court, therefore, recommends that this matter be remanded.

Signed in Baton Rouge, Louisiana, on May 29, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST D. BEALL**                         **CIVIL ACTION**

                                            **NUMBER 08-289-JVP-DLD**
**VERSUS**

**CONOCO PHILLIPS COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 29, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**